## No. 251

RAM et v. ROGERS, Rec., et

No. 19590. Supreme Court

On motion to certify. Dock. Jan. 21, 1926; 4 Abs. 72.

719. LIENS—Does the failure to serve the verified statements as provided in 8312 GC. in perfecting a mechanics lien render the lien invalid?

M. H. Ram, L. Ram, doing business as Ram and Ram are here attempting to reverse the same judgment rendered by the Summit County Appeals as is attempted in cases 19597 and 19560. The original action was brought in the Summit Common Pleas by Ulmer and Berne against George W. Rogers, Receiver of The Portage Construction and Finance Company; The Portage Construction and Finance Company; The Zindle Plumbing & Heating Co; Charles Byers; The Kinnear and Russell Plumbing and Heating Company; Jacob Ulmer and Joseph M. Berne, d. b. a. Ulmer and Berne; William L. David and Gardner Abbott, Receivers of The Cleveland Discount Company;

The Midland Bank, Trustee; The Midland Bank, Successor to Charles J. Forbes, Trustee; The Brown-Graves Company; and Kelley Weiss, in a suit to marshal liens and in which action the validity of many liens was involved.

It appears that Ram & Ram, pursuant to a contract with the Portage Construction and Finance Co., performed certain labor and furnished certain material upon and for the construction of a building known as Twin Oaks Building.

Subsequent to their performance of the contract Ram and Ram, in attempting to perfect a mechanic's lien filed with the County Recorder separate affidavits and served copies on the Portage Construction and Finance Co., but failed to serve any verified statements as provided in 8312, GC., together with certificates of materialmen and laborers.

The Appeals affirmed the Summit Common Pleas in holding the liens not to have been properly perfected in accordance with law and therefore invalid.

The same question is also at issue as was raised in cases 19551 and 19560 in regard to the enforcement of the ultra vires act of the Cleveland Discount Co. in discounting various notes and mortgages upon which money was borrowed. It is contended that such an act is void and not capable of ratification.

Ram & Ram, in the Supreme Court, contend:

1. That there is not alleged that any claims of subcontractors, laborers or materialmen of Ram & Ram were unpaid; that in spite of this fact the court refused to declare the lien valid even though General Code 8312 provides as follows: "When the sixty days within which any liens can be filed, have expired, and no liens on account of such improvement exist, then the failure of the contractor to furnish such affidavit as herein provided shall not act as a bar or defense in any suit or cause of action to collect any calim or claims by law as other claims are collected."

2. That they were reduced to the classification of laborers by virtue of the breach of the contract by the Portage Construction & Finance Co. which so imperiled their credit as to render it impossible for them to continue as independent contractors and that the question is whether or not the term "original contractor", in the statute means at he date the liens were filed.

Attorneys—Wilkin, Cross & Daoust, Cleveland, for Ram & Ram; G. H. Doolittle, Fairall & Fairall and Burch, Bacon & Denlinger, Akron, for Rogers et.